IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLAN KATZ, on behalf of himself and all others similarly situated,<br><br>                  Plaintiff,<br><br>    v.<br><br>ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY and NATIONAL GENERAL INSURANCE COMPANY,<br><br>                  Defendants. | Civil Action No.: 1:24-CV-00955-DG-JAM |

## STIPULATION AND [PROPOSED] ORDER ADDRESSING PLAINTIFF'S PENDING MOTION TO STRIKE AND VARIOUS DISCOVERY ISSUES

Plaintiff Allan Katz ("Plaintiff") and Defendants Esurance Property and Casualty Insurance Company ("Defendant") (collectively, the "Parties"), by and through their respective counsel, stipulate as follows:

WHEREAS, on February 7, 2024, Plaintiff filed a class action complaint in this action against Esurance and former Defendant, National General Insurance Company (dismissed from the case as a Defendant per the Court's Endorsed Order dated June 2, 2025), alleging that Esurance failed to pay the full amount of sales tax owed to insureds whose vehicles were declared total losses in at least 22 states;

WHEREAS, the Class Action Complaint alleged the following counts: (1) Declaratory Judgment; (2) Breach of Contract; (3) Violation of the Implied Covenant of Good Faith and Fair Dealing; (4) Deceptive Acts and Practices, New York GBL § 349; (5) Negligence; (6) Tortious Interference with Contract; (7) Conversion; and (8) Aiding and Abetting Tortious Conduct;

WHEREAS, the Class Action Complaint asked for multiple forms of relief, including attorneys' fees;

WHEREAS, Plaintiff's request for attorneys' fees from Defendants only pertained to Count IV, Deceptive Acts and Practices, New York GBL § 349;

WHEREAS, on July 26, 2024, Defendants served Plaintiff with their motion to dismiss in which Defendants requested the Court dismiss: (1) all claims other than Count II, Breach of Contract; (2) all claims specifically against Defendant National General Insurance Company; and (3) the class allegations;

WHEREAS, the Parties fully briefed the motion to dismiss by September 9, 2024;

WHEREAS, on March 10, 2025, Judge Marutollo issued a Report and Recommendation (Dkt. No. 66) recommending the Court: (1) dismiss all claims except for Count II, Breach of Contract (which was not subject to Defendants' motion to dismiss); and (2) deny Defendants' motion to dismiss, without prejudice, regarding the class allegations;

WHEREAS, on June 2, 2025, Judge Gujarati adopted Judge Marutollo's Report and Recommendation on Defendants' motion to dismiss in full over Plaintiff's filed objections (*see* Dkt. No. 70);

WHEREAS, on July 16, 2025, the sole Defendant remaining in the case, Esurance, filed its Answer and Affirmative Defenses ("Answer"), in which it asserted 18 affirmative defenses and requested attorneys' fees (*see* Dkt. No. 82);

WHEREAS, on August 1, 2025, Plaintiff served his Second Set of Interrogatories and Third Set of Requests for Production of Documents on Esurance; these discovery requests sought the factual bases for (and the production of documents supporting) Esurance's affirmative defenses;

WHEREAS, on August 22, 2025, Plaintiff served an amended Fed. R. Civ. P. 30(b)(6) deposition notice to add a topic on Esurance's affirmative defenses and to re-schedule the deposition to October 8, 2025;

WHEREAS, on September 9, 2025, Esurance responded to Plaintiff's August 1, 2025 Second Set of Interrogatories and Third Set of Requests for Production of Documents on Esurance's affirmative defenses;

WHEREAS, on September 12, 2025, Plaintiff moved to strike [Dkt. No. 86] Esurance's request for attorneys' fees and certain affirmative defenses from its Answer and Affirmative Defenses [Dkt. 82];

WHEREAS, in September 2025 and October 2025, the Parties meet and conferred multiple times regarding Esurance's purported deficiencies in its responses to Plaintiff's Second Set of Interrogatories;

WHEREAS, on October 3, 2025, the Parties finished briefing Plaintiff's motion to strike [Dkt. No. 85] and Plaintiff submitted the Parties' papers on said motion to the Court. The motion is pending decision;

WHEREAS, on October 7, 2025, the Parties submitted a joint request [Dkt. No. 94] to permit Plaintiff to defer any discovery dispute regarding Esurance's purported deficiencies in its responses to Plaintiff's Second Set of Interrogatories until after the Court ruled on Plaintiff's motion to strike [ECF No. 85];

WHEREAS, on October 8, 2025, Plaintiff took Esurance's corporate designee, Eric Ciocco, deposition. Following the deposition Plaintiff indicated its position that Mr. Ciocco's answers were insufficient as to Esurance's affirmative defenses. Esurance disagreed;

WHEREAS, on October 8, 2025, the Parties, after meeting and conferring, submitted a pre-motion discovery conference request letter [Dkt. No. 95] related to Esurance's relevance redactions, its privilege log, and certain withheld documents;

WHEREAS, also on October 8, 2025, the Court, after reviewing the Parties' joint request, Dkt. No. 94 and discovery conference request letter, Dkt. No. 95, ordered the Parties to meet and

confer on the issues set forth therein. The Court's order also directed the Parties to file a joint status report by October 17, 2025 to indicate whether the issue raised remains unresolved and to indicate the dates and length of time spent conferring;

WHEREAS, the Parties met and conferred on the issue identified in Dkt. Nos. 94 and 95 as well as the motion to strike and Esurance affirmative defenses via telephone on October 10, 14, and 15, 2025. The length of these telephonic meet and conferrals totaled approximately 1.5 hours. Additionally, the Parties exchanged multiple emails to try to resolve these issues between October 8 and 15, 2025;

WHEREAS, the Parties, after meeting and conferring, have come to an agreement regarding the issues concerning all discovery disputes.

WHEREAS, on October 17, 2025, the Parties filed a Joint Status Report [Dkt. No. 96] advising the Court of their agreement and requesting leave to file this Stipulation and Proposed Order, which the Court then directed to be filed by October 22, 2025. Said agreement is set forth below:

IS HEREBY STIPULATED AND AGREED, by undersigned counsel, as follows:

1.  Plaintiff's request for attorneys' fees from Defendants in the Class Action Complaint only pertained to Count IV, Deceptive Acts and Practices, New York GBL § 349. Since the Court dismissed this claim, Plaintiff's attorneys' fees request in Paragraph C. of the Prayer for Relief is dismissed. As to Count II, Breach of Contract, Plaintiff will only seek attorneys' fees from any common fund that Plaintiff may recover on behalf of a class certified by the Court.

2.  Defendant agrees to entry of an order striking from its Answer and Affirmative Defenses [Dkt. No. 82] its request for attorney's fees and affirmative defenses 2, 3, 4, 9, 11, 12, 14, 15, 16 and 17, without prejudice to replead.

3. Defendant agrees to remove specific redactions from previously produced documents to aid Plaintiff in reviewing the sales tax practices in all states where Defendant does business (not including states that have been previously settled (e.g. Florida, California, Missouri, Ohio, Louisiana). This disclosure will be made without regard to whether it was the policy of the state to pay or not pay full sales taxes. Defendant also stipulates to the authenticity of the reproduced documents.

4. Defendant's counsel agrees to prepare a chart that will identify the produced documents Plaintiff can use to identify Defendant's practices by state, category, and year. If Plaintiff believes it does not have sufficient information to determine the sales tax practices of any state during its statute of limitations period, Defendant will work with Plaintiff's counsel to give Plaintiff's counsel the necessary information to make that determination.

5. Defendant previously produced its sales tax practices through March 2025. Defendant agrees to produce an updated version of the document that shows changes to Defendant's sales tax practices since March 2025.

ACCORDINGLY, the Parties request the Court enter the Proposed Order attached hereto that approves their agreement as stated in this Stipulation.

Dated: October 22, 2025

                                              Respectfully submitted,

                                              **FEINSTEIN DOYLE PAYNE**
                                                  **& KRAVEC, LLC**

By:   */s/ Joseph N. Kravec, Jr.*
         Joseph N. Kravec, Jr.

      Ruairi McDonnell, Esquire
      (*Pro Hac Vice* to be filed)
      Kaitlyn M. Burns, Esquire
      (*Pro Hac Vice* to be filed)
      29 Broadway, 24th Floor

New York, NY 10006-3205
Telephone: (212) 952-0014
Email: jkravec@fdpklaw.com
Email: rmcdonnell@fdpklaw.com
Email: kburns@fdpklaw.com

and

429 Fourth Avenue
Law & Finance Building, Suite 1300
Pittsburgh, PA 15219
Telephone: (412) 281-8400
Facsimile: (412) 281-1007

Antonio Vozzolo, Esquire
Andrea Clisura, Esquire
**VOZZOLO LLC**
499 Route 304
New City, New York 10956
Telephone: (201) 630-8820
Facsimile: (201) 604-8400
Email: avozzolo@vozzolo.com
Email: aclisura@vozzolo.com

-and-

345 Route 17 South
Upper Saddle River, New Jersey 07458
Telephone: (201) 630-8820
Facsimile: (201) 604-8400

Edmund A. Normand, Esquire
Christopher Hudon, Esquire
**NORMAND PLLC**
3165 McCrory Place, Suite 175
Orlando, FL  32803
Telephone: (407) 603-6031
Facsimile: (888) 974-2175
Email:  ed@normandpllc.com
Email: christopher.hudon@normandpllc.com

*Counsel for Plaintiff and
the Proposed Classes*

6

Dated: October 22, 2025

**AKERMAN LLP**

By: <u>*/s/ Donnie M. King*</u>
Michael C. Marsh
Donnie M. King
Mario O. Marin
201 East Las Olas Blvd
Suite 1800
For Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224
Email:  michael.marsh@akerman.com
Email: donnie.king@akerman.com
Email: mario.marin@akerman.com

***Counsel for Defendants***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLAN KATZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY and NATIONAL GENERAL INSURANCE COMPANY,<br><br>Defendants. | Civil Action No.: 1:24-CV-00955-DG-JAM |

### [PROPOSED] ORDER

The Court, having reviewed Plaintiff Allan Katz ("Plaintiff")'s and Defendant Esurance Property and Casualty Insurance Company ("Esurance")'s Stipulation Addressing Plaintiff's Pending Motion to Strike Defendant's Affirmative Defenses and Attorneys' Fees Request in Answer and Discovery Issues, hereby approves the parties foregoing Stipulation and **ORDERS AND DECREES** as follows:

1. Esurance's request for attorney's fees and its affirmative defenses numbered 2, 3, 4, 9, 11, 12, 14, 15, 16 and 17 are hereby stricken from Esurance's Answer and Affirmative Defenses [Dkt. No. 82], without prejudice to replead.

2. Plaintiff's motion to strike [Dkt. No. 85] is hereby deemed resolved by the Parties' Stipulation and this Order.

3. Esurance shall produce to Plaintiff the documents and information described in paragraphs 3, 4 and 5 of their Stipulation by October 28, 2025.

SO ORDERED:

_____
Joseph A. Marutollo, U.S. Magistrate Judge